UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CHRISTOPHER PEREZ,**

   *Perez*,

**v.**                                                       **CASE NO.  SA-23-CV-00990-JKP**

**CITY OF FLORESVILLE, CHIEF OF
POLICE LORENZO HERRERA,
LIEUTENANT BILLY HERRERA,
SERGEANT THOMAS SILVAS,** *in
their official capacities*,

   *Defendants*.

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' (collectively "Floresville Defendants") Motion to Dismiss for Failure to State a Claim. *ECF Nos. 11,17*. Plaintiff Christopher Perez responded. *ECF No. 16.*

Upon consideration, the Motion is GRANTED.

**Factual Background**

Perez was a police officer with the Floresville Police Department (FPD) from November 9, 2022, until March 2, 2023. During this time, Perez's assigned field training officer (FTO) was Sgt. Thomas Silvas ("Sgt. Silvas"). Perez alleges in his Complaint he directly witnessed Sgt. Silvas engage in, and admit to, sexually and racially based misconduct against detainees and arrestees.

In particular, Perez contends Sgt. Silvas interfered with Perez's felony arrest of an individual who had heroin in his possession, used racial slurs directed at another detainee during

1

a traffic stop, and Sgt. Silvas self-professed violations of an arrestee's civil rights and then the destruction of video evidence while he was employed with another police department.

Perez alleges he confronted Sgt. Silvas about this conduct but was chastised for doing so. Perez alleges he "filed three separate workplace grievances and personally informed Chief Herrera and Lt. Herrera of Sgt. Silvas' actions," and these supervisors stated they would do nothing about the behavior. Perez alleges that after he reported Sgt. Silvas's behavior to the supervisors, Sgt. Silvas subjected him to a hostile work environment by constantly berating him and subjecting him to verbal abuse "for every perceived mistake or misstep, whether well founded or not. Sgt. Silvas would yell and scream at Perez for procedural violations he did not commit and then deny Perez the opportunity to explain his actions or why he had not violated FPD procedures." Perez contends he was fired shortly after his report of this behavior.

Based upon these facts, Perez asserts two causes of action: retaliation in violation of Title VII and hostile work environment in violation of Title VII. Perez asserts these causes of action against the City of Floresville and the police officers involved, in their official capacities, only.

## Legal Standard

To provide opposing parties fair notice of what the asserted claim is and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *see also Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

**Discussion**

1. **Retaliation**

Specific to this cause of action, Perez alleges "he witnessed and reported numerous FPD policy violations and unlawful acts by his immediate supervisor and training officer, Sgt. Silvas." Perez alleges he "engaged in protected activity by reporting sexually and racially discriminatory comments and conduct, and by filing complaints about the same sexually and racially discriminatory conduct." This "sexually and racially discriminatory conduct" was not directed at Perez, but at detainees. Perez alleges he "filed three separate workplace grievances and personally informed Chief Herrera and Lt. Herrera of Sgt. Silvas' actions. On March 2, 2023,

[Perez] was called into Chief Herrera's office ostensibly to discuss [his] grievances and allegations against Sgt. Silvas. When [Perez] arrived at the meeting, Lt. Herrera was also in Chief Herrera's office." Instead of discussing his grievances, Perez alleges "Chief Herrera didn't let [him] speak about [his grievances], or about any other matters, and simply stated 'I don't want to hear anything from you. You're fired.'"

To assert a cause of action for retaliation in violation of Title VII, a plaintiff must allege plausible facts supporting the elements: 1) he engaged in a protected activity under Title VII; 2) an adverse employment action occurred; and 3) a causal link existed between the protected activity and the adverse action. *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 319 (5th Cir. 2004). With regard to the first element, protected activity can consist of either: "(1) opposing any practice deemed an unlawful employment practice by Title VII (the 'opposition clause') or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII (the 'participation clause')." *Ellis v. Compass Grp. USA, Inc.*, 426 F. App'x 292, 296 (5th Cir. 2011)(citing *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 372–73 (5th Cir. 1998)); *see also* 42 USC § 12203(a).

Perez asserts no facts that would implicate the participation clause; at issue under these facts as they pertain to the first element, is the opposition clause. Interpretation of "opposition" "is broad enough to include ... using the employer's internal grievance mechanisms." *Long v. Eastfield Coll.*, 88 F.3d 300, 306, n.5 (5th Cir. 1996); *see also Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 276-79 (2009). Therefore, a plaintiff's direct complaint to his employer regarding an unlawful employment practice under Title VII constitutes opposition of unlawful practice. *See Crawford*, 555 U.S. at 276-79.

However, "the opposition clause does not require opposition alone; it requires opposition of a practice made unlawful by Title VII." *EEOC v. Rite Way Serv.*, 819 F.3d 235, 240 (5th Cir. 2016); *see also Shams v. Delta State Univ.*, No. 4:22-CV-035, 2023 WL 4420440, at *5 (N.D. Miss. July 10, 2023); 42 U.S.C. § 2000e-3(a). "To effectuate the policies of Title VII and avoid the chilling effect that would otherwise arise," a plaintiff need not prove, or allege facts showing, the conduct in question rose to the level of a violation of Title VII. *EEOC v. Rite Way Serv.*, 819 F.3d at 237-240; *Shams*, 2023 WL 4420440, at *5. Instead, to survive a Federal Rule 12(b)(6) motion, a plaintiff must allege plausible facts to support grounds that he held a reasonable belief the complained of conduct was in violation of Title VII. *EEOC v. Rite Way Serv.*, 819 F.3d at 237-240 (discussing *Payne v. McLemore's Wholesale & Retail Stores,* 654 F.2d 1130, 1140 (5th Cir. 1981)); *Taliaferro v. Lone Star Implementation & Elec. Corp.*, 693 Fed. Appx. 307, 311 (5th Cir. 2017); *Shams*, 2023 WL 4420440, at *5.

Still, the Fifth Circuit makes clear that a plaintiff lacks the requisite reasonable belief if the employee's internal complaint lacks any reference to racial or sexual harassment of themself or a coworker or lacks any reference to an unlawful employment practice under Title VII, but is simply a general complaint of workplace conditions or harassment. *See, e.g., Tratree v. BP N. Am. Pipelines, Inc.,* 277 Fed.App'x. 390, 395 (5th Cir. 2008) ("Complaining about unfair treatment without specifying why the treatment is unfair ... is not protected activity."); *Harris–Childs v. Medco Health Solutions, Inc.,* 169 Fed.App'x. 913, 916 (5th Cir. 2006)(plaintiff never "specifically complained of racial or sexual harassment, only harassment"); *Moore v. United Parcel Serv., Inc.,* 150 Fed.App'x. 315, 319 (5th Cir. 2005) (no protected activity when grievance did not oppose or protest racial discrimination or any other unlawful employment practice under Title VII); *see also Evans v. Tex. Dep't of Transp.,* 547 F.Supp.2d 626, 654

(E.D.Tex. 2007) (plaintiff complained of a hostile work environment, but did not suggest the conduct at issue was related to her race, sex, ... or other characteristic protected by Title VII). Accordingly, a complaint of workplace conduct, without any reference to an unlawful employment practice under Title VII, cannot constitute protected activity under the first prong of a retaliation cause of action. *Davis v. Dall. Indep. Sch. Dist.*, 448 F. App'x at 493; *Moore,* 150 Fed.App'x. at 319.

Perez alleges he engaged in internal complaints and grievances to report Sgt. Silvas's behavior in violation of FPD policy. This use of his employer's internal grievance procedure is adequate to constitute "opposition" under the first prong of the retaliation cause of action; however, Perez must still satisfy the element that he held a reasonable belief the complained of conduct was unlawful under Title VII. *See Crawford*, 555 U.S. at 276; *EEOC v. Rite Way Serv.*, 819 F.3d at 237-240; *Davis*, 448 Fed. App'x. at 493. Perez fails at this element because he alleges only that Sgt. Silvas violated "numerous FPD policy violations." While the three alleged acts by Sgt. Silvas of the inference of Perez's arrest of a traffic detainee for possession of heroin, Sgt. Silvas's use of racial derogatory terms in reference to a traffic-stop detainee, and Sgt. Silvas's bragging admission of civil rights violations of a citizen may have been egregious, Perez does not allege and cannot support a showing that he held a reasonable belief these actions constituted activity or a practice made unlawful by Title VII. *See EEOC v. Rite Way Serv.*, 819 F.3d at 237-240. Perez does not contend any racially derogatory comments or civil rights violations were directed at him or a coworker, but only at detainees or arrestees. For this reason, Perez failed to, and cannot, adequately allege grounds for a reasonable belief that Sgt. Silvas's behavior constituted an unlawful practice under Title VII. *See Davis v. Dallas Indep. Sch. Dist.*, 448 Fed. App'x. at 493; *Washington v. Nat'l Oilwell Varco, L.P.*, 634 F. Supp.3d 316, 323 (N.D.

Tex. 2022). Therefore, the Floresville Defendants' Motion to Dismiss the retaliation cause of action must be granted.

### 2. Retaliatory Hostile Work Environment

In the Motion to Dismiss, the Floresville Defendants characterize Perez's second cause of action as "retaliatory hostile work environment." In his Response, Perez does not dispute this characterization nor contend he asserts a cause of action for hostile work environment, only. Instead, Perez responds only to the Floresville Defendants' arguments for dismissal of the cause of action for retaliatory hostile work environment. Based upon this undisputed characterization of this cause of action as retaliatory hostile work environment, this Court will analyze the parties' arguments.

Specific to the retaliatory hostile work environment cause of action, Perez alleges that when he reported Sgt. Silvas's behavior, which he perceived to be in violation of FPD policy, "Sgt. Silvas subjected him to a hostile work environment by constantly berating him and subjecting him to verbal abuse "for every perceived mistake or misstep, whether well founded or not. Sgt. Silvas would yell and scream at Perez for procedural violations he did not commit and then deny Perez the opportunity to explain his actions or why he had not violated FPD procedures."

The Fifth Circuit does not currently recognize a cause of action for retaliatory hostile work environment and does not expressly reject the viability of such a cause of action. *Montgomery-Smith v. George*, 810 Fed.App'x. 252, 258 (5th Cir. 2020) (unreported opinion). When the cause of action was presented, the Fifth Circuit declined to reach the issue whether it recognizes the validity of the cause, itself, and each time found the plaintiff failed to establish a prima facie case of retaliatory hostile work environment, even if such a cause

existed. *See id*. at 259; *Fallon v. Potter,* 277 F. App'x 422, 424 & n. 3 (5th Cir. 2008); *Bryan v. Chertoff,* 217 F. App'x 289, 293 (5th Cir. 2007)(collecting cases which recognized the cause of action). Recognizing this lack of clarity, the general practice of trial courts in the Fifth Circuit is to assume a cause of action for retaliatory hostile work environment exists until the Fifth Circuit directs otherwise. *See e.g., Valdry v. Brennan*, CV 15-453, 2017 WL 2702226, at *4 (M.D. La. June 22, 2017), aff'd, 730 Fed. App'x. 207 (5th Cir. 2018); *McCorvey v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 16-CV-631, 2016 WL 8904949, at *11 (W.D. Tex. Dec. 21, 2016); *Tejada v. Travis Ass'n for the Blind*, 2014 WL 2881450, at *3 (W.D. Tex. June 25, 2014), *report and rec. adopted*, 2014 WL 4165370 (W.D. Tex. Aug. 7, 2014), aff'd, 617 Fed. App'x. 325 (5th Cir. 2015); *Griffin v. Texas Dep't of State Health Servs,* 2011 WL 759476 (S.D.Tex. 2011). Following this practice, at this stage of the litigation, this Court will assume Perez may pursue a retaliatory hostile work environment cause of action until the Fifth Circuit determines specifically the issue whether such a cause of action exists. Therefore, the Court will proceed to assess whether Perez pled sufficient facts to support this cause of action.

As for the legal standard to apply to determine whether a plaintiff sufficiently pleads a prima facie cause of action for retaliatory hostile work environment, the circuits that recognize the cause of action impose a hybrid of the prima facie elements required of retaliation and of discriminatory hostile work environment: 1) the plaintiff engaged in protected activity under Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. *Morris v. Oldham Cnty. Fiscal Court,* 201 F.3d 784, 792 (6th Cir. 2000); *Tejada v. Travis Assoc. for Blind,* 2014 WL

2881450, at *3. Therefore, when asserting a retaliatory hostile work environment cause of action based upon harassment, the plaintiff must allege plausible facts to establish the harassment was a result of his protected activity. *Id.*; *Cavazos v. Berry*, No. CIV.A. B-06-058, 2010 WL 785860, at *7 (S.D. Tex. Mar. 8, 2010).

Proceeding under these modified elements, Perez cannot state a plausible cause of action for retaliatory hostile work environment for the same reason he cannot state a plausible cause of action for retaliation. Perez cannot establish he engaged in protected activity because he complained of violations of FPD internal policy, only, and while this conduct may be egregious, it is not conduct made unlawful by Title VII. Therefore, Perez cannot allege sufficient grounds that he held a reasonable belief Sgt. Silvas committed an activity or practice made unlawful by Title VII. For this reason, the Floresville Defendants' Motion to Dismiss shall be granted.

To the extent Perez may contend he intended to assert a cause of action for hostile work environment, only, this cause of action also must fail. To assert a cause of action of hostile work environment, a plaintiff must allege plausible facts to support the elements of: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) his employer knew or should have known of the harassment and failed to take prompt remedial action. *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007); *see also Eyob v. Mitsubishi Caterpillar Forklift Am., Inc.*, 745 Fed. Appx. 209, 215 (5th Cir. 2018), *as revised* (Aug. 10, 2018). Perez does not allege or imply he belongs to a protected group, and therefore, based upon these facts, he cannot assert a cause of action for hostile work environment.

For these reasons, Perez cannot state a plausible cause of action for retaliatory hostile work environment or hostile work environment, and the Motion to Dismiss shall be granted.

Because the Court concludes Perez cannot plead a plausible cause of action under these facts, the Court will not address the remaining arguments for dismissal.

**Conclusion**

For the reasons stated, the Floresville Defendants' Motion to Dismiss for Failure to State a Claim filed pursuant to Federal Rule 12(b)(6) is GRANTED.

The Court's referral of this action to the Magistrate Judge is withdrawn.

The Clerk of Court is directed to close the case.

It is so ORDERED.
SIGNED this 30th day of November, 2023.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE